[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 6785
The parties intermarried September 27, 1969 at New York, New York. The plaintiff has resided in the State of Connecticut for more than one year next before the date of this complaint and the plaintiff and the defendant were domiciled in this state at the time of their separation. There are two minor children, issue of the marriage, Olivia Sarah Silver, born August 12, 1978 and Matthew Robert Silver, born November 10, 1979. The evidence clearly demonstrated that this marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The defendant, age 48, is employed as a CEO. He has held this job for two years and has no health problems. He earns $182,400 per year.
The plaintiff, age 49, is unemployed, has been a homemaker during the marriage for the family. Her mental health has not been good of late. She has had experience as a teacher. She is actively pursuing employment as an interpreter at the United Nations. In spite of that, her prospects for employment at this appear bleak.
Neither party is now nor ever has been on state welfare.
Both parties offered testimony as to the cause of the breakdown of this relationship. The court finds that each party was not without fault, but that the defendant must assume the major responsibility for the failure of this marriage. I found the plaintiff to be much more credible than the defendant, as well. CT Page 6786 To record for posterity the reasons for these conclusions would serve no useful purpose.
This was an emotionally difficult trial. The court would be remiss if it did not compliment counsel for the parties for their well-prepared and presented cases. Their efforts assisted the court in making several difficult decisions.
The court has carefully considered the evidence presented in the arguments of counsel. It has also considered the criteria set forth in Connecticut General Statutes 46b-56, 46b-56a, 46b-62,46b-81, 46b-82, 46b-84 and 46b-66 in reaching the decisions reflected in the orders that follow.
1. Custody and Visitation
The court sees no point in attempting to exercise any jurisdiction in connection with the orders of the California Court on custody and visitation matters. The California Judgment dated October 9, 1991 is hereby incorporated herein by reference.
II. Assets
The court finds that the parties' assets consist of the following:
Real property at 34 Stonebridge Road, Wilton, Connecticut, fair market value $425,000. Less mortgage of $105,000.00, leaving a net equity of $320,000. The defendant's checking account of $2,000.00. A 1985 Mercury auto valued at $2,100.00. A 1985 Peugeot automobile valued at $2,200.00. Defendant's IRA and trust for the children — $50,000. A violin valued at $3,000.00. The assets total value is $379,300.00.
The following orders may enter:
1. The marital residence shall be immediately listed for sale. The defendant is granted the right to make all necessary decisions concerning the sale of the property. From the proceeds of the sale, the mortgage, taxes and closing costs shall be paid. In the event repairs have been made to ready the property for sale, the party who paid for the repairs made shall be reimbursed. Thereafter, from the net proceeds, the plaintiff shall receive 60% and the defendant 40%. The parties shall share responsibility for any capital gains tax in proportion to the net equity received. Neither party shall be entitled to exclusive possession of the home. The defendant shall maintain payments for the mortgage, taxes, insurance, heat and maintenance until the sale is closed and shall be reimbursed from the sale proceeds before the net proceeds are divided between the parties. CT Page 6787
2. The plaintiff is awarded the following assets:
a. Village Green checking account,
b. Village Green savings account,
c. Banque Canadienne account and
d. violin.
3. The defendant is awarded the following assets:
a. His checking account,
b. 1985 Mercury automobile,
c. 1985 Peugeot automobile,
d. IRA and trust for the children, provided it remains "in trust for the children."
4. Personal property of the parties shall remain as divided by the parties except for the following which are awarded to the plaintiff:
a. Chests of Children's clothing from the plaintiff and her family.
b. Four children's frame drawings: Olivia — Statue of Liberty and Tree of Love; Amanda — Mountain View, and Matthew — Man on Stool.
III. Liabilities
The parties shall each be responsible for the liabilities contained in their respective financial affidavits, except that the defendant shall pay the Visa and Union Trust Mastercard accounts of $1,500 and $2,000 respectively.
IV. Alimony
In 1992, the defendant will receive a minimum salary of $182,400. The court is basing its following orders on the defendant's earning in 1992 being a minimum of $182,400. Defendant shall pay the plaintiff alimony of $3,000 per month until the death of either party, the remarriage of the plaintiff or her cohabitation within the meaning of Connecticut General Statutes 46b-86b. CT Page 6788
V. Medical Coverage
Defendant shall provide and/or maintain medical and dental insurance for the plaintiff at his sole cost and expense for three (3) years unless she is covered by Canadian National Health.
VI. Arrearage
The court finds that the defendant owes an arrearage on the pendente lite orders. The defendant owes the plaintiff the sum of $4,500, which he is ordered to pay by October 9, 1992.
VII. Insurance
To secure the defendant's obligation to pay alimony, the defendant shall maintain the plaintiff as irrevocable beneficiary of life insurance having a net benefit, in the event of death of the defendant, of $500,000 for as long as the defendant is obligated to pay alimony.
VIII. Attorney's Fees
1. The defendant shall pay the plaintiff $22,500 as and for an allowance toward her legal fees in connection with this case. That payment to be made from the proceeds due the defendant from the sale of the marital home.
2. The court finds that the defendant owes $2,500 allowance for counsel fees granted the plaintiff pendente lite. He is ordered to pay that sum immediately.
IX. Taxes
1. Defendant shall be entitled to claim all minor children as dependents for income tax purposes. The parties shall file for 1992. Refunds and/or taxes due shall be the property/obligation of the defendant.
2. Except as otherwise provided herein, the defendant shall indemnify and hold the plaintiff harmless from any liabilities for taxes, assessment penalties or interest that may result from any joint federal, state or local income tax returns signed by the plaintiff and the defendant.
Judgment may enter accordingly.
SYLVESTER, J. CT Page 6789